GEORGE T. CARPENTER v. EMILY C. DICKSON ET AL., EXECUTRICES, &c., OF MARY A. CARPENTER, DECEASED.

1. On motion for judgment, the *postea* is conclusive as to the verdict rendered.
2. Where, upon the matters disclosed at the trial, there is no uncertainty in a verdict as rendered, it is the duty of the trial judge to certify in the *postea* the legal effect and not the mere form of the verdict.

----

Motion for judgment on *postea*.

Argued at February Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the motion, *A. Watson Slockbower.*

Contra, *Coult & Howell.*

PER CURIAM.

The *postea* is in usual form, certifying a verdict in favor of the plaintiff for $6,461.43, but the defendant alleges that, as actually rendered, the verdict was for $3,100 "and interest from date," and rightly argues that such a verdict is too uncertain to warrant any judgment. *Gerhab* v. *White*, 11 *Vroom* 242. The *postea* is conclusive upon the court and we cannot inquire into the allegation, but in order to prevent a fruitless application to change the *postea* it is proper to add that unless there was some question of fact as to the date from which interest was to be reckoned, the trial judge was bound to certify the legal effect and not the mere form of the verdict in the *postea*.

The action was upon a promissory note, of which the following is a copy, viz. :

"$3,100.          GLENWOOD, N. J., Nov. 23d, 1878.

"One month after death I promise to pay to George T. Carpenter or bearer three thousand and one hundred dollars, value received, without defalcation or discount, with interest from date.

"MARY A. CARPENTER."

It was not claimed at the argument that any question of fact as to interest had been litigated at the trial, but it was suggested that it could not be known whether the jury intended that interest should be reckoned from the date of the note, the date of the death of the maker or the date of the verdict. The interpretation of the language of the note was for the court, not for the jury. Presumably the jury was instructed as to interest, and the only review permissible was by a bill of exception. Assuming that there was no claim that any interest had been paid, there was no uncertainty in the verdict, if rendered as alleged. Interest should have been reckoned from the date from which the note gave it. A calculation shows that the trial judge reckoned it from the date of the note to the date of the verdict and signed *postea* accordingly. We agree with his interpretation of the note.

Let judgment be entered on the *postea*.